NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**UNITED SERVICES AUTOMOBILE ASSOCIATION,**
*Appellant*

**v.**

**PNC BANK N.A.,**
*Appellee*

---

2023-1920

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-01077.

---

Decided: January 30, 2025

---

DAVID ZIMMER, Goodwin Procter LLP, Boston, MA, argued for appellant. Also represented by WILLIAM M. JAY, ROHINIYURIE TASHIMA, Washington, DC; LISA GLASSER, STEPHEN PAYNE, ANTHONY ROWLES, Irell & Manella LLP, Newport Beach, CA; JASON SHEASBY, Los Angeles, CA.

ANDREW J. DANFORD, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, argued for appellee. Also represented by MARK CHRISTOPHER FLEMING, MONICA

2  UNITED SERVICES AUTOMOBILE ASSOCIATION v. PNC BANK N.A.

GREWAL; DAVID LANGDON CAVANAUGH, RONALD GREGORY ISRAELSEN, GREGORY H. LANTIER, Washington, DC.

————————————

Before DYK, PROST, and CUNNINGHAM, *Circuit Judges*.

PROST, *Circuit Judge*.

United Services Automobile Association ("USAA") appeals a final written decision of the Patent Trial and Appeal Board ("Board") in an inter partes review determining that all challenged claims of U.S. Patent No. 10,621,559 ("the '559 patent") are unpatentable. *PNC Bank, N.A. v. United Servs. Auto. Ass'n*, No. IPR2021-01077, 2023 WL 1077305 (P.T.A.B. Jan. 20, 2023) ("*Final Written Decision*"). We affirm.

## BACKGROUND

The '559 patent describes a remote check deposit system and contemplates "a system, method and computer-readable medium with computer-executable instructions for remotely redeeming a negotiable instrument." '559 patent col. 2 ll. 35–38.

In its final written decision, the Board determined that the challenged claims (i.e., claims 1–18) of the '559 patent are unpatentable as obvious over seven prior-art references. *Final Written Decision*, 2023 WL 1077305, at *34.

USAA timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

USAA makes two arguments on appeal: (1) a skilled artisan would not have been motivated to combine prior-art

references Garcia[1] and Randle[2] with a reasonable expectation of success, and (2) the Board erred in its construction of the "accepting" limitation in claims 1 and 10 of the '559 patent.  We reject both arguments.

"We review the Board's factual findings for substantial evidence and its legal conclusions without deference." *Kennametal, Inc. v. Ingersoll Cutting Tool Co.*, 780 F.3d 1376, 1381 (Fed. Cir. 2015) (cleaned up).  "The Board's ultimate claim constructions and any underlying determinations based on intrinsic evidence . . . present a question of law that we review de novo." *Polaris Innovations Ltd. v. Brent*, 48 F.4th 1365, 1372 (Fed. Cir. 2022).

Here, substantial evidence supports the Board's determinations that a skilled artisan would have been motivated to combine Garcia and Randle with a reasonable expectation of success.  In its analysis, the Board found that "Garcia describes a method for remotely depositing a check using a mobile device." *Final Written Decision*, 2023 WL 1077305, at *11.  The Board then found that "Garcia suggests implementing its invention using computer equipment at a bank that can [apply optical character recognition] and store a check image as well as the bank's traditional systems for processing checks, and Randle discloses such a system." *Id.* at *12.  The Board found that "an ordinarily skilled artisan would have had a reasonable expectation of success in making the proposed Garcia-Randle combination," *id.*, and substantial evidence supports the Board's findings.

Next, we consider USAA's argument that the Board misconstrued the claim term "accepting" in claims 1 and 10

---

[1] PCT App. No. WO 2005/043857 ("Garcia"), J.A. 1352–97.

[2] U.S. Patent App. Pub. No. 2006/0106717 ("Randle"), J.A. 1398–1422.

4  UNITED SERVICES AUTOMOBILE ASSOCIATION v. PNC BANK N.A.

of the '559 patent.  The parties dispute the claim construction, yet, the Board found in the alternative that even "assum[ing] [USAA]'s understanding of the requirements of this limitation," "the Garcia-Randle combination teaches . . . a second processing circuitry and second memory that 'accept[s] the digital image for check deposit in place of the check depicted in the digital image.'" *Id.* at \*18.  That finding is supported by substantial evidence.

## CONCLUSION

We have considered USAA's remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm the Board's determination that all challenged claims of the '559 patent are unpatentable.

## AFFIRMED